UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        CRIM. CASE NO. 17-20285

    Plaintiff,

v.        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

DONTRELL BARCLAY,

    Defendant.
_____/

## ORDER DENYING MOTION TO SUPPRESS EVIDENCE

On August 18, 2017, Defendant filed a motion to suppress evidence seized on March 13, 2017 from himself, a vehicle, and a residence pursuant to a search warrant issued on March 13, 2017.

The search warrant authorized the search of a residence on Syracuse Street in Detroit (target location), Defendant Barclay (target), a 2002 Ford Crown Victoria (target vehicle), and cell phones.

The affidavit in support of the search warrant was signed by Officer Kristopher Richardson of the Westland Police Department (affiant), presently working in the Westland Police Department Special Investigations Unit (SIU) that

1

investigates illegal narcotics.

The search warrant's statement of probable cause, beginning with paragraph 5, referred to an interview of an individual (Confidential Informant, CI) that informed the affiant that

> (1) He has been purchasing heroin and cocaine and crack cocaine from the Target Defendant for several months, to distribute them on the street
> (2) The CI had a criminal past, and also made incriminating statements against himself.
>
> (3) That, through the affiant's "interview techniques he was able to establish that the subject was reliable and credible." Affidavit p.5. The facts secured through the affiant's interview techniques were that:
>
> 1. The informant (CI) provided the affiant with his contact number for the Target individual.
>
> 2. Using law enforcement and public information databases, the affiant obtained a picture of the Target which the CI identified as the target drug supplier.
>
> 3. The CI provided a detailed description of the house and vehicles that are used by the Target to distribute his illegal narcotics.

Paragraph 6 stated that the affiant's SIU conducted surveillance of the Syracuse Street Target Location where they observed the Target Vehicle.

It also stated that the affiant met with the CI to make a purchase from the Target. The CI was searched for drugs and money, with negative results. The CI

made a call to the Target to set up a purchase of drugs from the Target; the Target directed the CI to a specific location. Shortly thereafter, surveillance Officers observed the Target exit the Target Location (residence), enter the passenger side of the Target Vehicle, and a female enter the driver's side, and drive to the predetermined "meet spot." The CI had been provided with Westland prerecorded buy money. When the Target arrived at the "meet spot", the CI made contact with the Target; they then separated from each other and the CI departed.  The affiant met the pre-searched CI and obtained cocaine. The CI stated that he purchased the cocaine from the Target individual.

The issue of whether the CI bought the cocaine from the Target individual, as set forth in the affidavit, or from the female in the car forms the basis for Defendant's request for a "Franks" hearing.

Paragraph 7 states that Affiant, a member of the Westland Police Department SIU, spoke with the Dearborn Heights Police Department (DHPD) which had an open drug investigation of the Target Location after receiving an anonymous tip that heroin and drugs were being sold at that location. During their investigation, they identified Defendant as an occupant of that location.  Thereafter Dearborn Heights surveillance revealed Defendant entering and leaving the Target Location in the Target vehicle. A trash pull on February 14, 2017 at the Target

Location revealed a crack pipe with crack residue testing positive for cocaine, plastic baggies of the type used for drug sales, and other narcotics paraphernalia. A second trash pull one week later, February 21, 2017, produced a small baggie with a white powder residue testing positive for cocaine, narcotics paraphernalia and baggies with tie-off or torn corners, the type used for distribution/sales of narcotics.

Paragraph 8 states that on March 13, 2012, the affiant met with the CI to plan a purchase from the Target (Defendant). The CI called the Target and ordered cocaine. After searching the CI and his car for money and drugs (none), he was provided prerecorded Westland "buy money" for the purchase. Affiant surveilled the CI to the Target Location house on Syracuse, the CI entered through the front door and returned outside briefly. The CI departed to a "meet spot," handed over the cocaine, and stated that he had purchased it from Target Defendant Barclay using the Westland "Buy" funds. Affiant again searched the CI and the car for drugs and money – negative result. The field tests proved positive for cocaine.

The conclusory Paragraph on Page 8, the final page of the affidavit, states that "probable cause exists for the issuance of a search warrant for that [Syracuse Street] location.

In *Peffer v. Stevens*, __F.3d__ (6th Cir. 2018), 2018 WL 443882, Jan. 17,

2018, the United States Court of Appeals for the Sixth Circuit determined "the extent of the Fourth Amendment's requirements for an affidavit supporting a warrant to search the residence of an individual suspected of committing a crime involving the use of a computer." *Id*. at 1. The Sixth Circuit quoted from the Supreme Court decision in *Messerschmidt v. Millender*, 565 U.S. 535, 552, n.7 (2012): "The Fourth Amendment does not require probable cause to believe evidence will <u>conclusively</u> establish a fact before permitting a search, but only 'probable cause . . . to believe that the evidence sought <u>will aid</u> in a particular apprehension or conviction'" (emphasis in original). *Peffer* at 7.

Subsequently in footnote 3, the *Peffer* decision noted:

> An affidavit sufficiently supports a warrant so long as it provides probable cause to believe evidence of any crime will be found in the location to be searched, even if it does not provide probable cause to believe that evidence of the particular crimes listed in the affidavit will be found in the location to be searched.

*Id*. at 9.

In *United States v. White*, 874 F.3d 490 (6th Cir. 2017), the Sixth Circuit noted that an affidavit is not bare bones or otherwise so lacking in indicia of probable cause if, although falling short of the probable cause standard, when read in a holistic, common sense matter, it contains "a minimally sufficient nexus between the illegal drug distribution activity and the place to be searched." The

*White* decision noted that the informant's tip identified the precise address at which the criminal activity was occurring, a pertinent factor in establishing a minimal nexus, to say nothing of probable cause. *White* at 11-12.

The Sixth Circuit further stated that by "corroborating key components of the informant's tip – that defendant was personally distributing the specific kind of narcotic (marijuana) at the specific location . . . alleged by the informant Williams' affidavit provided a concrete factual link between defendant, his criminal activity, and the residence." *White* at 12. In *White*, the Sixth Circuit concluded that the affidavit qualified for the Good-Faith exception set forth in *United States v. Leon*, 468 U.S. 897 (1984).

In the instant case, Paragraph 8 of the search warrant affidavit, established that a drug transaction was consummated inside the Syracuse Street residence by the CI on March 13, 2017, the day the search warrant was subsequently issued.

The defendant argues that there is a "Franks" issue, "because we are claiming that there's either deliberate falsehoods in the search warrant or reckless disregard for the truth, either of which negate a finding of good faith by the police officers." Motion to Suppress Hearing, November 7, 2017, Defense Attorney Densemo, P.6. Defendant aims this claim at Paragraph 6 of the affidavit, arguing with an affidavit from Defendant that the CI bought the cocaine from the female

driver of the vehicle, not from Defendant who had gone into a convenience store at that location.

However, while the Defendant argues that its claim as to Paragraph 6 undermines any application of *Leon*, this Court finds otherwise because even accepting Defendant's affidavit as to the Paragraph 6 purchase, the Court finds that Paragraph 8 establishes a separate purchase by the CI from the Target Defendant at the Target Location independently established probable cause for the issuance of the search warrant to the Target Location on Syracuse Street. Accordingly, the Court finds that the search warrant affidavit established probable cause to search the residence.

With regard to the Target Vehicle, Identified as 2002 Ford Crown Victoria, (license plate # and VIN # on Page 5 of the affidavit):

> 1. That Target Vehicle was seen at the Target Location (¶ 6),
>
> 2. It was utilized by Target Defendant and a female driver to leave the Target Location to go to the "meet location" for delivery of drugs to the CI,
>
> 3. Through surveillance Target Defendant was seen by Dearborn Heights Special Operations Bureau (SOB) officers entering and existing the Target Location in the Target Vehicle per ¶ 7 of the affidavit, where Target Defendant was also seen coming to and leaving Target Location in Target Vehicle – all of this within the past two weeks of securing the warrant, on several different

7

days, dates and times.

The Court concludes that the use of that Target Vehicle in the off-site distribution of cocaine, having been driven there from the Target Location to do drug deal, plus the Target Defendant's use of that vehicle, and its presence at the Target Location provided probable cause to search that automobile.

CONCLUSION

In the final analysis, even if the Court were to accept Defendant's Court 6 assertions regarding the off-site drug buy from the Target Defendant – that the CI purchased the drugs from the female driver instead of the Defendant – there remains ample probable cause to support the search warrant for the Target Location on Syracuse Street.

The Court concludes that given the extensive surveillance and corroboration activity of the Westland and Dearborn Heights Police, as set forth in the affidavit, the officers had a good faith belief in the factual content contained in search warrant affidavit to support their search under *United States v. Leon*, 468 U.S. 897 (1984).

Finally, even if Defendant's claim in his averment to the Court of a false statement regarding Paragraph 6 were correct, Defendant would not be entitled to an evidentiary hearing because, that statement was not necessary to the finding of

probable cause. Setting aside that allegation of false material, the affidavit's remaining content is sufficient to establish probable cause. *Franks v. Delaware*, 438 U.S. 154 (1978).

Accordingly, Defendant's Motion to Suppress is DENIED.

SO ORDERED.

                                                                          s/Paul D. Borman
                                                                          Paul D. Borman
                                                                          United States District Judge

Dated: January 25, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 25, 2018.

                                                                            s/Deborah Tofil
                                                                            Case Manager